The opinion was delivered at the March term, 1850.
Fletcher, J.
The objection to the ruling of the presiding judge, that the trunk, under the circumstances, was properly delivered to Fisher, and that the defendants were responsible for it while in his keeping, the court think cannot be maintained. It was the duty of the defendants, to have an agent at the station to receive and take charge of the baggage of passengers, until it was put on board the cars ; and it being the habit of Fisher to act as such agent, when there was no other person present to perform that duty, as in this case, the trunk was properly delivered to him, and the defendants were responsible for it while it remained in his custody.
The only question of importance raised in the case is, whether or not the plaintiff can recover for the money contained in the trunk, as properly constituting a part of her baggage as a passenger. It was held, in the time of lord Holt, and formerly by the supreme court of New York, that passenger-carriers were not liable for baggage, unless a particular and *72 distinct price had been paid for its conveyance. But it is now well settled, and is a matter of great and general convenience and accommodation, in this age of universal and perpetual travelling, that passenger-carriers are responsible for the baggage of a passenger, and that the reward for conveying the baggage is included in the passenger’s fare. But, though it is settled, that passenger-carriers are responsible for baggage, yet there is still a very wide field for controversy remaining, in determining what is properly included in the term baggage. From the nature of the case, it is impracticable to prescribe an exact rule, or to define with technical precision what may properly be included in the term baggage, as used in connection with travelling in public conveyances.
Some persons, and, in this particular, the wisest, perhaps, take little or nothing with them in travelling, while others take many things and large quantities. It is quite impossible for the court to restrict, within certain and prescribed limits, the quantity or value or kind of articles, which may be embraced in the term baggage of the travelling world. The most that can be done is, to prescribe some general rules as to the character, description, and purposes of articles which may be taken as baggage. It may be said, in general terms, that baggage includes such articles as are of necessity or convenience for personal use, and such as it is usual for persons travelling to take with them. It has been said, that articles for instruction or amusement, as books, or a gun, or fishing tackle, fall within the term baggage. In the case of Brooke v. Pickwick, 4 Bing. 218, the carrier was held responsible for a lady’s trunk containing apparel and jewels. So in the case of M’Gill v. Rowand, 3 Barr, 451, which was for apparel and jewelry. In Jones v. Voorhees, 10 Ohio, 145, 150, the carrier was held responsible for a watch which was lost in a trunk, as being an appendage of the traveller. But a carrier is not liable for merchandise as baggage. In Pardee v. Drew, 25 Wend. 459, the passenger-carrier was held not responsible for a trunk of silk goods as baggage. So in Hawkins v. Hoffman, 6 Hill, 586, the carrier was held not liable for samples used for effecting sales of goods. So carriers are not liable for large sums of money as baggage taken *73 for the purpose of transportation. In the case of the Orange County Bank v. Brown, 9 Wend. 85, it was held, that the owner of a steamboat used for carrying passengers was not liable for a trunk, containing a large sum of money, brought on board by a passenger as baggage, the object being the transportation of the money. In the ease of Weed v. Saratoga & Schenectady Railroad Co., 19 Wend. 534, it was held, that a railroad company were liable for money in a trunk, to a reasonable amount for travelling expenses, as baggage. In that case, the sum was $285, in the trunk of a passenger from Saratoga to New York. In the case above cited from 9 Wend. 85, it was also supposed, though not expressly adjudged, that money for travelling expenses might be carried as baggage at the risk of the carrier. But in the case before cited from 6 Hill, 586, a doubt was expressed, whether any money could be considered as baggage.
Upon consideration of the whole subject, and referring to the cases, the court have come to the conclusion, that money bond fide taken for travelling expenses and personal use may properly be regarded as forming a part of a traveller’s baggage. The time has been, in our country, when the character and credit of our local currency were such, that it was expedient and needful, for persons travelling through different states, to provide themselves with an amount of specie, which could not conveniently be carried about the person, to defray travelling expenses. But even if bills are taken for this purpose, it may be convenient and suitable that they should be to some amount placed in a travelling trunk, with other necessary articles for personal use. This would seem but a reasonable accommodation to the traveller. It has been objected, that the carrier will, not expect that there will be money with the baggage, and will not therefore be put upon his guard. But surely a carrier may very naturally understand and expect, that a passenger will place his money for expenses, or some part of it, in his trunk, instead of carrying it all about his person ; he certainly might as naturally expect this, as that there would be jewels or a watch in a travelling trunk, for which articles a carrier has been held responsible. The passenger is *74 not bound to give notice of the contents of his trunk, unless particular inquiry be- made by the carrier. But it must be fully understood that money cannot be considered as baggage, except such as is bond fide taken for travelling expenses and personal use; and to such reasonable amount only as a prudent person would deem necessary and proper for such purpose. But money intended for trade or business or investment or for transportation or any other purpose than as above stated cannot be regarded as baggage.
But in the present case, if the money in the trunk could not oe considered as a part of the plaintiff’s baggage, according to the rule now stated, so that the defendants would be actually responsible for it, as common-carriers; yet as the trunk was in the custody of the defendants, they would upon common and familiar principles be answerable for gross negligence wholly irrespective of their liability as common-carriers. This principle is well settled in the case of Brooke v. Pickwick, 4 Bing. 218; and Batson v. Donovan, 4 B. & Ald. 21, and other cases.
The verdict, which was for the whole sum of money in the trunk, without any inquiry as to the uses and purposes for which it was designed, must be set aside and a new trial granted; unless, by agreement of the parties, it can be settled in some other way, whether or not the plaintiff is entitled to recover any and what sum, in accordance with the principles above stated, and the verdict altered if necessary according to the agreement in the report.